JH

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDGINGS, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) | DEFENDANT'S LOCAL RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS<br><br>Case No.: 06CV 2717<br><br>**FILED**<br>AUG 0 9 2006  NF |
| Plaintiffs, | ) ) ) ) | |
| V. | ) ) | |
| PAULE WILKE | ) ) ) | **MICHAEL W. DOBBINS**<br>**CLERK, U.S. DISTRICT COURT**<br>Honorable James F. Holderman |
| Defendant. | ) | Magistrate Judge Geraldine S. Brown |

### DEFENDANT'S LOCAL RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant PAUL H. WILKE, by his attorneys at Saper Law Offices, and submits this Local Rule 56.1(a)(3) statement of material facts in support of his motion for summary judgment on count 1, copyright infringement, in the complaint filed by Plaintiffs ELEKTRA ENTERTAINMENT GROUP INC., WARNER BROS. RECORDS INC., CAPITOL RECORDS, INC., SONY BMG MUSIC ENTERTAINMENT, and UMG RECORDGINGS, INC. (collectively "Plaintiffs"). There is no genuine issue as to any of the following material facts:

1. Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. (Plaintiffs' Complaint ¶ 4).

1

2. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California. (Plaintiffs' Complaint ¶ 5).

3. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. (Plaintiffs' Complaint ¶ 6).

4. Plaintiff Sony BMG Music Entertainment is a Delaware general partnership, with its principal place of business in the State of New York. (Plaintiffs' Complaint ¶ 7).

5. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California. (Plaintiffs' Complaint ¶ 8).

6. The Defendant, Paul H. Wilke, is 52 years old and a current resident in this District at the address of 1321 W. Arthur Ave., Chicago IL, 60626. (Defendant's Affidavit attached hereto as Exhibit 1, ¶ 1).

7. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. 1331 (federal question; and 28 U.S.C. § 1338(a) (copyright). (Plaintiffs' Complaint ¶ 2).

8. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and acts the Plaintiffs have complained allegedly occurred in this District. (Plaintiffs' Complaint ¶ 3).

9. On or about the summer of 2003, Defendant purchased a Dell Dimension 2350 computer, model number D150ML21, registered with the Dell Corporation under the name of Paul Wilke, registration number 55277-OEM-111. (Exhibit 1 ¶ 2).

10. Defendant is a member of Yahoo Internet service provider and his e-mail address is phw30@yahoo.com registered at 1321 West Arthur Avenue, Chicago, Illinois 60626-5109. (Exhibit 1 ¶ 3).

11. At all relevant times pertaining to this lawsuit, the Dell Dimension 2350 computer was the only computer used in Defendant's household and the only computer used to connect to his Yahoo Internet service provider. (Exhibit 1 ¶ 4).

12. Defendant have been a member of the iTunes music service provided by the Apple Corporation since December 23, 2003. From that date to the filing of this lawsuit, Defendant purchased one hundred and forty four (144) songs from the service and downloaded them to his computer. (Exhibit 1 ¶ 5).

13. As of the filing of this lawsuit, Defendant had two thousand three hundred fifty eight (2,358) songs, including the songs previously mentioned in paragraph 4 above, on his computer. (Exhibit 1 ¶ 6).

14. The additional two thousand two hundred fourteen (2,214) songs on Defendant's computer have been imported from his personal compact disks, which he purchased, and are still in his possession. (Exhibit 1 ¶ 7).

15. There is no such person as "Paule Wilke" at the address listed in Paragraph 6 above and Defendant has never used the name of "Paule". (Exhibit 1 ¶ 10).

16. On or about June 2, 2006, Defendant was served with a copy of a federal complaint numbered 06 C 2717 entitled ELEKTRA ENTERTAINMENT GROUP INC., ET AL. vs. PAULE WILKE. (Exhibit 1 ¶ 17).

17. In the complaint stated above, the Plaintiffs allege that one "Paule Wilke" shared via the Internet eleven (11) copyrighted songs in violation of the copyright laws of the United States (17 U.S.C. § 101 et seq.). (Plaintiffs' Complaint Exhibit A)

18. The eleven (11) copyrighted songs alleged in the complaint have never been on Defendant's computer nor shared via the Internet by Defendant or anyone else from his computer. (Exhibit 1 ¶ 21).

19. Plaintiffs Exhibit B lists numerous files in various formats that were allegedly obtained by one "gooddoctor@KaZaA". Defendant has never used the Kazaa service or any other file-sharing service. Additionally, Defendant has never used the username "gooddoctor" on any online services. (Exhibit 1 ¶ 22).

20. The eleven copyrighted files listed in Plaintiffs' Exhibit A are in an mp3 format, while all of the songs on Defendants computer, some purchased from iTunes and the rest imported from compact disks, are in mpeg4 format. (Exhibit 1 ¶ 23).

Dated: August 9, 2006

Respectfully submitted,

PAUL H. WILKE

By: _____
His Attorney

Daliah Saper
Saper Law Offices
188 West Randolph, Suite 1705
Chicago, IL 60601
(312) 404-0066
(312) 641-1551 facsimile
dsaper@saperlaw.com
ARDC No. 6283932

4